## Case No. 17,260.

### WATERMAN v. THOMSON et al.

[2 Fish. Pat. Cas. 461; Merw. Pat. Inv. 664.] [1]

Circuit Court, S. D. New York.  Dec., 1863.

PATENTS FOR INVENTIONS—USE BY PRIOR INVENTOR.

1. It is not necessary that a prior inventor should have worked the process with the same degree of skill and success as the patentee afterward attained.  It is sufficient if he performed the operation substantially upon the method which the plaintiff claims, and that he did it with that degree of success which demonstrated its usefulness.

[Cited in Electrical Accumulator Co. v. Julien Electric Co., 38 Fed. 131.]

2. If the prior inventor merely made an experiment and failed, abandoning his contrivance because it would not work, then it is of no account.  But the mere fact that he ceased to use it because he had no further occasion to do so, is, of itself, of no importance.

3. Where several prior inventions are offered in evidence to defeat a patent, the jury should agree on each separately, and, in order to find a verdict for the defendants, on any one of them, they must agree on that one.

This was an action on the case [by Henry Waterman against William S. Thomson and Charles H. Thomson], tried by Judge SHIPMAN and a jury, to recover damages for the infringement of letters patent [No. 21,286], for an "improvement in tempering wire and steel," granted to plaintiff, August 24, 1858. [Reissued Feb. 14, 1865, No. 1,874.]  The claim of this patent was as follows: "The process of hardening steel wire, or thin steel, in long sections, being kept under a longitudinal strain by means of the wheels D D;

1 [Reported by Samuel S. Fisher, Esq., and here reprinted by permission. Merw. Pat. Inv. 664, contains only a partial report.]

while passing through the fire in the furnace C, the guide H, to conduct the wire directly from the fire into the hardening bath, in combination with such hardening bath, as specified."

George D. Sargeant and Charles M. Keller, for plaintiff.
Pennington, Sullivan & Harrison and George Gifford, for defendants.

SHIPMAN, District Judge (charging jury). It is the duty of the court to submit to you the rules of law which you are to apply to this case.  This I will do very briefly.

The first legal question which is presented to us, is that which relates to the construction of the patent itself.  What does it purport to secure to the plaintiff—a process, or a machine?

For the purposes of this case, I charge you, pro forma, that the patent purports to grant to the plaintiff the exclusive right to the process of hardening steel wire, and thin strips of thin steel, in long sections under tension, by means of the simple mechanism or machine, a model of which the plaintiff has presented to you, and the operation of which the witnesses have explained.  This is denominated, by the counsel for the plaintiff, a "mechanical process," and it covers the peculiar method which the mechanism carries out, and any mechanism which is equivalent to that described in the patent, and illustrated by the model which works this process, is an infringement of the plaintiff's rights, provided he was the original and first inventor.  When I speak of an equivalent mechanism, I mean one substantially like the plaintiff's, operating in substantially the same way.

The plaintiff insists that he was the original and first inventor of this process, and his patent is prima facie evidence that he was the original and first inventor.  By prima facie evidence, I mean evidence which is sufficient to make out the case and sustain the patent, providing there was no countervailing evidence.

But the defendants deny that the plaintiff was the original and first inventor, and have offered evidence to disprove his claim.

This brings us to a series of important facts upon which the jury must pass, in coming to a verdict.  I will call your attention to these facts, in the order in which you may find it convenient to consider them.

First. The defendants insist that Ely used this same process, which the plaintiff claims is covered by his patent, long before the date of the plaintiff's invention, and that Ely worked this process by substantially the same mechanism, operating substantially in the same way as that of the plaintiff.  Here the burden of proof is on the defendants.

Now, if the jury are satisfied that Ely did work this process substantially as he has described on this trial, at the time he states, then the defendants are entitled to a verdict.

By working this process, I mean successfully working it, by performing substantially the same thing as the plaintiff performs with his machine, in substantially the same manner. It is not necessary that Ely's wire should have been flat; the process applies to round as well as flat wire. It is not necessary that he should have used his wire for skirts, or that any one should have done so; nor is it necessary that he should have worked the process with the same degree of skill and success as the plaintiff. has attained. It is sufficient if he performed the operation of hardening his wire substantially upon the method which the plaintiff claims, and that he did it with that degree of success which demonstrated its usefulness. If he merely made an experiment and failed, abandoning his contrivance because it would not work, then it is of no account. But the mere fact that he ceased to use it because he had no further occasion to do so, is, of itself, of no importance. Now, the evidence on this point is already familiar to the jury; it rests mainly on the testimony of Mr. Ely. He has been before you, and presented an explanation in words, aided by his model of the method or process which he used. You saw him. noted his manner, and you alone must determine whether or not he is entitled to credit. If you are satisfied that he is entitled to belief, and find that his method and mechanism. though the latter was somewhat rudely constructed, were successfully and substantially like those of the plaintiff, and had not been forgotten by him, then the defendants are entitled to a verdict, and you need inquire no further.

If the jury do not find that the defendants are entitled to a verdict, on the ground that Ely anticipated the invention of the plaintiff, when the evidence is tried by the rules I have laid down, then they will inquire further—

Second. As to the process stated by Gibbs. You will apply the same rules to the evidence on this point that I have submitted in connection with Ely's alleged invention, and if you find that, in accordance with these rules. Gibbs anticipated the plaintiff's invention, then the defendants will be entitled to a verdict. and you need inquire no further.

If you are satisfied that Gibbs did not anticipate the invention of the plaintiff, then you will inquire—

Third. Whether Quilet did so. The same rules of law must be applied to the evidence touching Quilet's method and machine as those which I have stated you are to apply to those of Ely and Gibbs. If you find that Quilet has anticipated the invention of the plaintiff. then the defendants are entitled to a verdict. But if you do not so find, then you will inquire—

Fourth. Whether Mr. Clark, of Northampton. worked this process, claimed by the plaintiff, at the date he names. by hardening steel wire successfully in the tinning machine; and if he did, you will find your verdict for the defendants. If you find this point also against the defendants. then you will inquire—

Fifth. Whether Washburn's method and machine anticipated the plaintiff's invention; if it did. when tried by the rules already given, then the defendants are entitled to a verdict.

If you shall find that neither Ely, nor Gibbs, nor Quilet, nor Clark, nor Washburn, anticipated this invention, and worked this process as here described, before the plaintiff did, then the plaintiff is entitled to a verdict, and to such damages as he has proved to you he has sustained. and no more.

In passing upon the several processes and machines of Ely, Gibbs. Quilet, Clark, and Washburn, the jury should agree upon each separately. and in order to find a verdict for the defendants, on any one of them, they must agree on that one.

This is an important case to both parties. and is to be determined by the facts as they appear in proof and address themselves to the understanding of the jury. They will render such a verdict as, in their judgment, the evidence calls for, without reference to the consequences to either party.

[For another case involving this patent, see Waterman v. Wallace, Case No. 17,261.]